UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAN E. DOHERTY,
as Guardian of Frances R. Gorman
and Executor of the Estate of
Patrick J. Gorman,

      Plaintiff,

vs.                                      CASE NO. 2:18-cv-377-FtM-29CM

ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA, a foreign corporation
authorized to do business in the State of Florida,

      Defendant.
_____/

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT'S FIFTH, NINTH AND TENTH AFFIRMATIVE DEFENSES

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff, Marian E. Doherty, as Guardian of Frances R. Gorman and Executor of the Estate of Patrick J. Gorman, files this Motion for Partial Summary Judgment as to the Fifth, Ninth and Tenth Affirmative Defenses asserted by Defendant, Allianz Life Insurance Company of North America, a foreign corporation authorized to do business in the State of Florida ("Allianz Life"), and states:

### Procedural History

1.     This action was commenced by Plaintiff on April 23, 2018 with the filing of a Complaint against Allianz Life for negligence and breach of fiduciary duty regarding the improper surrender of Patrick and Frances Gormans' annuities. The Complaint was filed in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida. Defendant was served on April 30, 2018 (Dkt. 1).

2. On May 17, 2018, Plaintiff filed an Amended Complaint (Dkt. 2) in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

3. On May 30, 2018, Defendant removed the action to the United States District Court for the Middle District of Florida, Ft. Myers Division (Dkt 1).

4. On June 6, 2018, Defendant filed its Answer and Affirmative Defenses to Amended Complaint (Dkt. 8).

5. Allianz Life asserts in its Fifth, Ninth and Tenth Affirmative Defenses that Plaintiff's claims are barred in whole, or in part, due to the actions of Plaintiff or third parties. Specifically, Allianz Life asserts:

Fifth Affirmative Defense

Plaintiffs' claims are barred because any alleged damages suffered by Plaintiffs were proximately caused by the acts, omissions, mistake or negligence of others, including but not limited to, Caroline G. Silha, Barbara Gorman, Nina Marie Ingoglia, and Plaintiffs themselves, for which Allianz life is not liable.

Ninth Affirmative Defense

Allianz Life alleges that the damages as claimed within Plaintiffs' Amended Complaint are the result of the acts of omissions of other person or entities. Specifically, Allianz Life alleges that Plaintiffs, Caroline G. Silha, Barbara Gorman, and Nina Marie Ingoglia, were responsible, in whole, or in part, for the Plaintiffs' alleged damages. Allianz Life relies upon the doctrine of *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993) and the provisions of Florida's Tort Reform Act, Fla. Stat. § 768.31 et. seq.

Tenth Affirmative Defense

To the extent Plaintiffs have sustained any damages as alleged in the Amended Complaint, which Allianz Life denies, such damages were proximately caused by subsequent and intervening acts of the Plaintiffs or third parties, such that Allianz Life is not responsible or liable for any damages allegedly suffered by Plaintiffs.

## UNDISPUTED FACTS

6. Plaintiff, Marian E. Doherty is the Guardian of her mother, Frances R. Gorman, pursuant to an October 26, 2016 Order Appointing Marian E. Doherty Plenary Guardian of

Frances Gorman. She is also the Executor of her father's estate, The Estate of Patrick J. Gorman, pursuant to Letters of Office – Decedent's Estate dated November 29, 2017. Marian E. Doherty is the daughter of Frances and Patrick Gorman. Caroline G. Silha and Barbara Gorman are also daughters of Frances and Patrick Gorman. Patrick J. Gorman died on January 31, 2017.

7.      Frances R. Gorman owned annuity contract No. XXXX6770 with Allianz Life ("Frances' Annuity"). Patrick J. Gorman owned annuity contract No. XXXX6462 with Allianz Life ("Patrick's Annuity"). Allianz Life surrendered Frances' Annuity on, or about, June 2, 2015. Allianz Life surrendered Patrick's Annuity on, or about, June 12, 2015.

8.      There have been four depositions taken in this matter. On February 26 - 27, 2019 Plaintiff took the depositions of Jason Liston and Allianz Life's 30(b)(6) designated corporate representative. On March 6, 2019 Allianz Life took the deposition of Plaintiff and on March 28, 2019, Plaintiff took the deposition of Nina Marie Ingoglia. The discovery deadline was March 29, 2019 (Dkt. 17).

9.      Plaintiff has asserted two causes of action against Allianz Life for improperly surrendering the annuity contracts: Negligence and Breach of Fiduciary Duty. (Dkt. 2). The causes of action asserted against Allianz Life are separate and distinct from any subsequent intentional act, misappropriation or negligence by any other person or entity.

10.     The Fifth, Ninth and Tenth affirmative defenses asserted by Allianz Life are attempts to seek contribution or excusal for the wrongful surrender of the annuities because of the subsequent acts of others. These affirmative defenses fail as a matter of law because Allianz Life cannot and has not established that any other party was negligent or breached any fiduciary duty with regard to the surrender of the annuities.

11.     Florida Statute 768.31 states in part that "except as otherwise provided in this Act,

when two or more persons become jointly or severally liable in tort for the **same injury** to person or property there is a right of contribution among them even though a judgment has not been recovered against all or any of them." (emphasis added). As Plaintiff's tort actions are for separate and distinct injuries from any subsequent misappropriation or negligence, 768.31 does not apply as a defense of contribution. Further, 768.31(2)(g) specifically states that this Act shall not apply to breaches of trust or of other fiduciary obligations. *See also, SunBank/South Florida, N.A. v. Lugo*, (U.S. Bky Ct., SD 140 Br. 917, 1992).

12. Allianz Life's *Fabre* defense is specifically inapplicable with regard to any intentional torts committed by third parties. The Florida Supreme Court explained in *Merrill Crossings* that Section 768.81, Florida Statutes, dealing with comparative fault, does not permit allocation of fault between both negligent and intentional tortfeasors and that *Fabre* is inapplicable in such scenarios because *Fabre* addressed the combined negligence of two drivers. The Supreme Court explained that negligent acts are fundamentally different from intentional acts. *Merrill Crossings v. McDonald*, 705 So. 2d 560 (Fla. 1997). *See also, Jones v. Budget Rent-A-Car Systems, Inc.*, 723 So. 2d 401 (Fla. 3d DCA 1999). Further, a jury cannot apportion negligent liability on one who commits an intentional tort. *See, Wyke v. Polk County School Board*, 137 F. 3d 1292 (Fla. 11th Cir. 1998).

13. *Merrill Crossings* further stated that it would be irrational to allow a party who negligently fails to provide reasonable security measures to reduce his liability because there is an intervening intentional tort where the intervening intentional tort is exactly what the security measures are supposed to protect against. The same reasoning applies here. Allianz Life failed to follow its own policies and procedures designed to protect its clients and their assets from fraud and misappropriation. It would be irrational to allow Allianz Life to reduce its liability because of the subsequent fraud and misappropriation that

4

Allianz was supposed to protect against.

14. The depositions taken in this case and filed in support of this motion show the absence of any genuine dispute or the existence of any facts relating to the affirmative defenses that other third parties are responsible in whole, or in part, for the improper surrender of the annuities. Moreover, Allianz Life cannot produce admissible evidence to support any facts showing any third party is responsible for the improper surrender of the annuities. Fed. R. Civ. P. 56(c)(1)(B).

15. Plaintiff has filed the depositions of Allianz Life's 30(b)(6) designated corporate representative, Jason Liston, Plaintiff and Nina Marie Ingoglia in support of this motion to show the absence of a genuine dispute of the facts as to the issues presented in this motion. (Exhibits A, B, C and D).

WHERFORE Plaintiff respectfully requests this Honorable Court grant her Motion for Partial Summary Judgment as to the Fifth, Ninth and Tenth Affirmative Defenses asserted by Defendant, Allianz Life as set forth herein and enter any further relief this Honorable Court deems necessary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

Scott E. Byers, Esquire
Carlton Fields Jorden Burt, P.A.
Miami Tower, Suite 4200
100 S.E. Second Street

Miami, Florida  33131
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055
sbyers@carltonfields.com
Attorneys for the Defendant

                HARLLEE & BALD, P.A.

                By:   /s/ Adam Mohammadbhoy
                    ADAM MOHAMMADBHOY
                    Florida Bar No.  0137367
                    202 Old Main Street
                    Bradenton, FL 34205
                    Telephone: 941/744-5537
                    Facsimile: 941/744-5547
                    Primary Email: AM@harlleebald.com
                    Secondary: LS@harlleebald.com
                    Attorney for Plaintiff