UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAN   E   DOHERTY,   as
Guardian   of   Frances   R.
Gorman  and  Executor  of  the
Estate of Patrick J. Gorman,

         Plaintiff,

v.                              Case No: 2:18-cv-377-FtM-29NPM

ALLIANZ   LIFE   INSURANCE
COMPANY OF NORTH AMERICA, a
foreign            corporation
authorized to do business in
the State of Florida,

         Defendant.

_____

                          **ORDER**

     This matter comes before the Court on defendant's Motion in

Limine (Doc. #56) filed on August 30, 2019.  Plaintiff filed a

Response (Doc. #71) on September 16, 2019.  For the reasons set

forth below, the motion is granted.

     Defendant seeks to exclude "any and all evidence, testimony,

exhibits,  questions,  commentary,  references,  statements,  and

arguments" regarding plaintiff's previous lawsuit and ultimate

settlement with Lincoln National Life Insurance Company (Lincoln

National).   (Doc. #56, p. 1.)   Defendant anticipates that

plaintiff will proffer such evidence because, at deposition,

plaintiff "referred to a lawsuit filed and settled against Lincoln

National relating to an insurance policy owned by Frances and

Patrick Gorman." (Id. pp. 2-3.) Defendant contends such evidence should be excluded because it is (1) irrelevant under Rules 401 and 402; (2) inadmissible hearsay under Rules 801(c) and 802; and (3) inadmissible evidence of compromise offers and negotiation under Rule 408.

Plaintiff agrees that such evidence is inadmissible hearsay under Rules 801(c) and 802, and appears to agree that such evidence is irrelevant under Rules 401 and 402[1]. (Doc. #71, p. 3.) Plaintiff, however, asserts that Rule 408 is inapplicable because the previous settlement relates to Lincoln National, not defendant. (Id.) Although plaintiff claims she has "no intention of introducing any evidence, testimony or argument regarding Plaintiff's prior lawsuit and settlement" with Lincoln National, plaintiff contends that such evidence "may be appropriate to counter any evidence, testimony or argument" by defendant if defendant contends at trial that its negligence is excused "because other financial institutions also failed to recognize the exploitation, fraud and misappropriation of Patrick and Frances Gorman's assets." (Id. pp. 3-4.)

At the present time, the motion will be granted because the anticipated evidence is inadmissible and irrelevant. Without

---

[1] Plaintiff states that defendant's "motion as to relevancy . . . is well taken." (Doc. #71, p. 3 n.1.)

prior approval of the Court, plaintiff may not make reference to such evidence or attempt to introduce it at trial.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion in Limine (Doc. #56) is **GRANTED.** Without prior approval of the Court, plaintiff may not make reference to such evidence or attempt to introduce it at trial.

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of October, 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record