UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAN E DOHERTY, as Guardian of Frances R. Gorman and Executor of the Estate of Patrick J. Gorman,

    Plaintiff,

v.                          Case No: 2:18-cv-377-FtM-29NPM

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation authorized to do business in the State of Florida,

    Defendant.

## ORDER

This matter comes before the Court on defendant's Motion in Limine (Doc. #57) filed on August 30, 2019. Plaintiff filed a Response (Doc. #71) on September 16, 2019. For the reasons set forth below, the motion is granted in part and denied in part.

Defendant seeks to exclude (1) any testimony or evidence regarding attorney's fees because plaintiff has alleged no statutory or contractual right to attorney's fees; (2) any testimony or evidence regarding IRS payments or penalties of approximately $51,000, because the Gormans "have already been able to recover these alleged damages through credits and/or deductions claimed in their subsequent tax returns" (Doc. #57, p. 3); and (3) evidence or argument that plaintiff "should receive the

annuitization value in a lump sum payment of $431,325.16 because there is no basis in the contract to allow for such a lump sum payment." (Id. p. 5.)

Plaintiff appears to agree with defendant that attorney's fees are not recoverable in this case[1], and asserts that she "has no intention of introducing any evidence, testimony or argument regarding attorney's fees . . . [and] has no intention of asking the jury to award attorney's fees . . . ." (Doc. #71, p. 4.) The motion will therefore be granted as to evidence relating to attorney's fees.

Regarding the issue of IRS payments or penalties, plaintiff asserts she should be permitted to present such evidence because "[a]ny [] deductions provided by the IRS will be more than eliminated by the tax incurred by the recovery of damages in the case." (Id.) Plaintiff's reasoning is that if she is successful, plaintiff expects to incur a tax liability ranging from approximately $96,000 to $142,000. (Id. p. 5.) While plaintiff is certainly not entitled to double recovery, the Court cannot say that the evidence must be excluded or that it will unduly confuse the jury. This portion of the motion is denied.

As to the issue of the annuitization values of the policies, plaintiff contends she should be permitted to present such evidence

---

[1] Plaintiff states that defendant's "motion in limine regarding attorney's fees is well taken." (Doc. #71, p. 4.)

because she is entitled to receive "the accumulation value as of the date of the improper surrender and the value that would have accumulated under the designated allocations." (Id. p. 5.) The Court agrees with defendant that while Surrender Value was available, there is no contract provision which allows Annuitization Value under the facts of this case. This portion of the motion is granted.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion in Limine (Doc. #57) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of October, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record