UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAN E DOHERTY, as
Guardian of Frances R.
Gorman and Executor of the
Estate of Patrick J. Gorman,

    Plaintiff,

v.                              Case No: 2:18-cv-377-FtM-29NPM

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA, a
foreign corporation
authorized to do business in
the State of Florida,

    Defendant.

## **ORDER**

This matter comes before the Court on defendant's Motion in Limine (Doc. #58) filed on August 30, 2019. Plaintiff filed a Response (Doc. #71) on September 16, 2019. For the reasons set forth below, the motion is denied.

Defendant seeks to preclude plaintiff from testifying at trial about the mental and physical capacity of Patrick and Frances Gorman. Defendant reasons that (1) such testimony about the Gormans' capacity "constitutes expert testimony and must be excluded because [plaintiff] is not a medical expert"; (2) "any evidence regarding the diagnosis or prognosis of Frances or Patrick Gorman's medical conditions is beyond the realm of lay witness testimony, including that of [plaintiff]"; and (3) plaintiff

"lacks the requisite personal knowledge of [Patrick and Frances Gorman's] mental and physical capacity in 2015," given that plaintiff "previously testified that she had minimal contact with her parents in 2015, and was not involved in any of their financial decisions at the time of the surrender." (Doc. #58, pp. 5-6.)

Plaintiff replies that she "has not been designated and will not be offered as an expert under Rule 702" of the Federal Rules of Evidence. (Doc. #71, p. 6.) Thus, plaintiff argues, such evidence should not be precluded because plaintiff may provide opinion testimony that (1) is "rationally based on her perception"; (2) assists in "clearly understanding her testimony" or resolving a factual issue; and (3) is "not based on scientific, technical or other specialized knowledge within the scope of Rule 702." (Id.) Plaintiff further argues such testimony should not be precluded because a non-expert witness may testify as to "the mental condition[] or testamentary capacity of another person if the proper predicate has been laid." (Id.)

Defendant also argues plaintiff should be precluded from asserting legal conclusions during her testimony at trial. Based upon plaintiff's deposition testimony, defendant anticipates that plaintiff will attempt to testify at trial as to the applicability of ERISA, the applicability of the United States Department of Treasury Financial Crimes Enforcement Network regulations, and elder abuse and exploitation law. Defendant asserts that

plaintiff should be precluded from presenting such testimony because she "has no legal knowledge or training." (Doc. #58, p. 7.) Defendant further argues such testimony should be precluded because the Amended Complaint contains no allegations relating to ERISA, Department of Treasury Financial Crimes Enforcement Network regulations, or elder abuse and exploitation law.

In response, plaintiff asserts that she "does not intend to offer legal conclusions." (Doc. #71, p. 7.) Plaintiff additionally states that she will only "testify as to facts within her personal knowledge and [assert] proper opinions under" Rule 701. (Id.)

Defendant also argues that plaintiff should be precluded from testifying as a damages expert. Defendant anticipates that plaintiff "will attempt to provide testimony regarding the alleged damages in this case," including plaintiff's "personal opinion as to the valuation of the annuities." (Doc. #58, p. 8.) Defendant contends that such testimony would be "inadmissible lay witness testimony, as [plaintiff] does not have the requisite specialized knowledge regarding valuation of annuities." (Id.) Defendant further argues that plaintiff should be precluded from testifying as to damages because such "[s]peculative calculations of damages based on unauthenticated hearsay are improper and inadmissible." (Id.)

Plaintiff replies that she "has not been designated and will not be offered as a damages expert under Rule 702." (Doc. #71, p. 7.) Moreover, plaintiff asserts that the "annuities provide and [defendant] testified that the current value is determined based upon a formula that does not require any scientific, technical, or other specialized knowledge." (Id. p. 8.) Plaintiff thus argues that she should not be precluded from testifying as to the valuation of the annuities.

Defendant lastly argues that plaintiff should be precluded from testifying at trial about facts for which she lacks firsthand personal knowledge. Defendant anticipates that plaintiff "will attempt to rely on [her] after-the-fact investigation" rather than "providing admissible direct evidence regarding the surrender of the annuities and the surrounding events." (Doc. #58, p. 9.) Defendant further argues that "all documents gathered by [plaintiff] during her investigation and which [plaintiff] may rely upon are speculative, unauthenticated hearsay, and [plaintiff] lacks the personal knowledge to render this evidence admissible." (Id. p. 10.)

Plaintiff replies that she will only "testify as to facts within her personal knowledge and [assert] proper opinions under" Rule 701. (Doc. #71, p. 8.) Plaintiff thus argues that defendant's Motion in Limine "on these grounds is not necessary or appropriate and [is] premature." (Id.)

While defendant's arguments appear well founded, they may not be reasonably determined prior to trial based on the *in limine* motion. Accordingly, the motion will be denied subject to objection at trial to specific proposed evidence.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion in Limine (Doc. #58) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this   17th   day of October, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record