UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAN E DOHERTY, as
Guardian of Frances R.
Gorman and Executor of the
Estate of Patrick J. Gorman,

    Plaintiff,

v.                                Case No: 2:18-cv-377-FtM-29NPM

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA, a
foreign corporation
authorized to do business in
the State of Florida,

    Defendant.

**<u>ORDER</u>**

    This matter comes before the Court on plaintiff's Motion in Limine (Doc. #59) filed on August 30, 2019. Defendant filed a Response (Doc. #73) on September 16, 2019. For the reasons set forth below, the motion is denied.

    Plaintiff seeks to preclude defendant from submitting evidence or testimony as to "a possible future inheritance from Frances R. Gorman and/or Patrick J. Gorman because such evidence is irrelevant, speculative and its prejudicial impact substantially outweighs its probative value." (Doc. #59, p. 1.) Plaintiff further asserts that defendant should be precluded from "insinuating or commenting that [she] has brought this action to recover damages for her own benefit as a potential heir after her

mother passes." (Id. p. 2.) Plaintiff contends that her "inheritance, if any, is . . . irrelevant [and] wholly speculative." (Id.) Plaintiff reasons that "the prejudicial impact of asserting that [she] has taken this action for her own benefit as opposed to her responsibilities as guardian and executor without any corroborating evidence substantially outweighs any probative value." (Id.)

In response, defendant argues that plaintiff's potential inheritance "is well within the bounds of normal cross-examination and argument." (Doc. #73, p. 2.) Defendant asserts that evidence of the Gormans' estate plan "is relevant to [plaintiff's] intent and motive in filing this action, as executrix of Patrick Gorman's estate and guardian for Frances Gorman," and "is obviously germane to [plaintiff's] credibility." (Id. p. 3.) Thus, defendant contends, "there is no basis under the rules of evidence to exclude such evidence . . . ." (Id.)

The Court agrees with defendant's position. Such testimony goes to the potential bias of the witness and any prejudicial impact is not outweighed by its probative value.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion in Limine (Doc. #59) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of October, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record