UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAN E DOHERTY, as Guardian of Frances R. Gorman and Executor of the Estate of Patrick J. Gorman,

 Plaintiff,

v.           Case No: 2:18-cv-377-FtM-29NPM

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation authorized to do business in the State of Florida,

 Defendant.

## **ORDER**

This matter comes before the Court on plaintiff's Motion in Limine (Doc. #60) filed on August 30, 2019. Defendant filed a Response (Doc. #72) on September 16, 2019. For the reasons set forth below, the motion is granted.

Plaintiff seeks to preclude defendant from asserting at trial that "its liability or duties are limited to those expressly provided for in the annuity contracts." (Doc. #60, p. 1.) Plaintiff reasons that she has not asserted a claim for breach of contract and defendant thus "has no right to limit its liability or its duties to the express terms of the annuity contracts." (Id. p. 3.)

Defendant agrees its liability is not limited by the terms of the annuity contracts, and "does not intend to argue that it can be found only to have contractual duties to Plaintiffs, or that there is no independent tort alleged, or that there can be no breach of a duty of care or fiduciary duty because of the policies' terms." (Doc. #72, pp. 1-2.) However, to the extent that plaintiff seeks "to preclude any evidence of the policies and their requirements," defendant argues "[i]t would be unfair to prevent [defendant] altogether from discussing what the Gormans and [defendant] agreed to in the annuities." (Id. p. 2.) As to plaintiff's negligence claim, defendant contends that such evidence is relevant because it would assist the jury in determining whether defendant acted with reasonable care. And as to the breach of fiduciary duty claim, defendant asserts such evidence is relevant because it would assist the jury in determining "whether and to what extent any [] fiduciary duty existed." (Id. p. 3.)

The Court finds that the annuity contracts will be admissible, but that they do not serve to limit the liability of defendants. Defendants agree that such an argument would be inappropriate. Thus, while the documents are admissible, the argument plaintiff foresees may not be made.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion in Limine (Doc. #60) is **GRANTED,** although the documents themselves are admissible.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of October, 2019.

*[signature: John E. Steele]*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record