UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIAN E DOHERTY, as Guardian of Frances R. Gorman and Executor of the Estate of Patrick J. Gorman,

    Plaintiff,

v.                                               Case No: 2:18-cv-377-FtM-29NPM

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation authorized to do business in the State of Florida,

    Defendant.

**ORDER**

This matter comes before the Court on plaintiff's Motion in Limine (Doc. #61) filed on August 30, 2019. Defendant filed a Response (Doc. #74) on September 16, 2019. For the reasons set forth below, the motion is denied.

Plaintiff seeks to exclude defendant from asserting a claim for contribution against plaintiff's breach of fiduciary duty claim. Plaintiff reasons that Florida law explicitly provides that claims for contribution are unavailable in actions for "breaches of trust or of other fiduciary obligations." (Doc. #61, p. 7.)

Defendant replies that it does not seek to assert a claim for contribution, which is an independent cause of action under Florida

law[1], but rather seeks to present evidence of its comparative fault affirmative defenses. Defendant concedes that Florida law precludes fault apportionment for intentional torts; however, defendant asserts that "a breach of fiduciary duty is not always intentional."[2] (Doc. #74, p. 9.) Thus, defendant contends, it should not be precluded from presenting such evidence because Florida law provides for the apportionment of damages in negligence actions as set forth in Fla. Stat. § 768.81(3).[3]

Defendant asserts that although whether fault can be apportioned in a claim for a negligent breach of fiduciary duty is "an issue of first impression in Florida," it should be permitted to present such evidence because its alleged tortious conduct is based on negligent – not intentional – conduct. (Doc. #74, p. 9.) Defendant contends that such evidence is "highly relevant to the issues in this case" and defendant should therefore be entitled to

---

[1] See Horowitz v. Laske, 855 So. 2d 169, 174 (Fla. 5th DCA 2003).

[2] "A claim for breach of fiduciary duty may arise out of either negligent or intentional conduct. When the conduct underlying the breach is intentional, the breach is intentional; when the conduct underlying the breach is negligent, the breach is negligent." Palafrugell Holdings, Inc. v. Cassel, 825 So. 2d 937, 939 n.1 (Fla. 3d DCA 2001)(citations omitted).

[3] Section 768.81(1)(c) defines a "'negligence action'" as a "civil action for damages based upon a theory of negligence, strict liability, products liability, professional malpractice whether couched in terms of contract or tort, or breach of warranty and like theories. The substance of an action, not conclusory terms used by a party, determines whether an action is a negligence action."

have a jury "decide what percentage, if any, of the alleged loss it should have to bear" as to the breach of fiduciary duty claim. (Id. p. 10.)

Plaintiff also seeks to preclude defendant from asserting a claim for contribution for any subsequent intentional and negligent acts. Plaintiff contends that defendant "has no right to contribution regarding the intentional torts committed by any third parties" because Florida law does not "permit allocation of fault between both negligent and intentional tortfeasors." (Doc. #61, p. 7.) Plaintiff further argues that defendant "has no right to contribution for the subsequent acts of Regions Bank, or others, as no other party can be negligent for the wrongful surrender of the annuities" because "[a]ny negligence on the part of Regions Bank in the subsequent transfer of the improperly surrendered annuities is a separate and distinct injury." (Id. p. 9.)

In response, defendant argues it does not intend to assert a claim for contribution for the intentional torts or negligent acts committed by third parties, but instead intends to argue at trial that defendant was not the proximate cause of the Gormans' alleged loss because of such third-party actions. Defendant contends that such argument has "nothing to do with comparative fault" and thus asserts it would be "unfair in the extreme to prevent [defendant] from arguing that [the Gormans'] alleged losses were the result of

the criminal conduct of Barbara Gorman and Caroline Silha, or of the negligence of Regions Bank . . . ." (Doc. #74, pp. 5-6.)

The Court agrees with defendant that it may present the foregoing evidence at trial as to proximate causation and comparative fault. Thus, given that defendant does not assert or plan to assert a claim for contribution, plaintiff's motion is denied.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion in Limine (Doc. #61) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this 17th day of October, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record